LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Sloan, ) | No. CV 05-3220-PHX-DGC (MEA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph M. Arpaio, ) | |
| Defendants. ) | |

Plaintiff James Sloan, a former county jail inmate, filed this civil rights action. The Court will dismiss the action without prejudice for lack of prosecution for failing to keep the Court apprized of his address.

**I.   Procedural History**

The Local Rules of Civil Procedure require litigants to notify the Court of a change of address. See LRCiv 83.3(d). Also, in the instructions accompanying the form complaint, Plaintiff was informed that he must immediately notify the Court when his address changed or face possible dismissal of his action. The Local Rules of this Court require Plaintiff to comply with the instructions. See LRCiv 3.4(a). Again, in the Notice of Assignment issued immediately after Plaintiff filed his action, he was informed of the address change requirement and possibility of dismissal for failure to comply (Dkt. #2). Plaintiff was again reminded of this requirement in the Court's screening Order (Dkt. #3 at 6).

Not long after this action was filed, Defendant moved to dismiss this action for lack of exhaustion (Dkt. #6). The Court issued an Order informing Plaintiff about his rights and

obligation in responding to the motion (Dkt. #7). The Order was sent to Plaintiff's address of record at the county jail and apparently was received. Plaintiff did not file a response. On August 8, 2006, the Court withdrew the reference on the action (Dkt. #8). This Order was returned in the mail as undeliverable, with a note that Plaintiff was not in custody (Dkt. #9).

**II.     Analysis**

More than a month has elapsed since the last order was returned, and Plaintiff has not notified the Court of his present address. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*). The Court is not required to hold the matter in abeyance in hopes that an address change will be forthcoming. "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Id. at 1441.

Before dismissal for lack of prosecution, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its Dktket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

These factors do not favor Plaintiff. The interests in judicial economy reflected in the first two factors favor dismissal of the action. On the third factor, there is no risk of prejudice to Defendant by dismissal, which he already sought by motion. The fourth factor favoring disposition of cases on their merits weighs in favor of Plaintiff, but only slightly so because Plaintiff has apparently lost interest in prosecuting his action after he was released from the jail. In addition, at this juncture, deciding the merits would be detrimental to Plaintiff because he has not responded to Defendant's Motion to Dismiss. For the fifth factor, there is no less drastic sanction than dismissal without prejudice, as the Court could alternately rule on the merits of the motion for dismissal, and Plaintiff cannot be contacted

- 2 -

1   under these circumstances.  Thus, the five-factor analysis weighs in favor of dismissal, and
2   the Court will dismiss his action without prejudice for failure to prosecute.

3   **IT IS ORDERED** that this action is **dismissed** without prejudice for failure to
4   prosecute.  The Clerk of Court is directed to enter judgment accordingly.  Defendant's
5   Motion to Dismiss (Dkt. #6) is **denied** as moot.

6   DATED this 20th day of September, 2006.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge